IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Speed of Light Ops, LLC, a Utah Limited Liability Company<br><br>                      Plaintiff,<br>v.<br><br>Gregory Alexander Elliot; John Herrington; and Jessie Reese.<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00246-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

      This matter comes before the court on Plaintiff Speed of Light Ops, LLC's *Ex Parte* Motion for Service of Process. (ECF No. 12.) In support of the motion, Plaintiff submits a declaration from Tanner Camp. Speed of Light seeks an order allowing it to serve Defendant Gregory Elliot via email and by leaving a copy of the Summons and Complaint at Elliott's father's address. Plaintiff also moves for an additional 90 days to complete service on Mr. Elliot and Defendant Jessie Reese. Plaintiff asserts it has been unable to locate Mr. Reese and unable to serve Mr. Elliot despite repeated attempts in multiple locations. For the reasons discussed herein, there court will grant additional time and authorize service as set forth in this order.

### DISCUSSION

      Under the Federal Rules the court may allow service as permitted by Utah Law. *See* Fed. R. Civ. P. 4(e)(1). Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify,

> locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(5)(A). "A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...." *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.,* 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs,* 100 P.3d 1211, 1215 (Utah 2004)).

This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.*

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought.... [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.

*Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

Plaintiff has been unable to locate an address for Defendant Reese despite using skip tracing searches. For Defendant Elliot two addresses were located and a process server was utilized to attempt service at both addresses located in Boise, Idaho. (ECF No. 13 p. 2.) Attempts at both addresses were unsuccessful, but the process server was told by Defendant Elliot's father that Defendant used one of the addresses as his mailing location while living abroad. Attempts to contact Elliot were also sent to an email that is listed as Elliot's in another court action

(xoldtestamentx@gmail.com), and Plaintiff contacted Matthew Steward, who allegedly represented Elliot, only to find that Elliot had yet to retain him. Based on the facts before it, the court finds, Plaintiff exercised reasonable diligent efforts that were more than a perfunctory performance in an attempt to serve Elliot. Therefore, good cause exits to extend time for service and to permit service using alternative means.

## ORDER

Plaintiff's Motion for an additional 90 days to complete service on Defendant Elliot and Defendant Reese therefore is GRANTED.

Consistent with Utah R. Civ. P. 4 when service by other means is warranted, "the court will order service of the complaint and summons [on Defendant Elliot] by means reasonably calculated, under all the circumstances, to apprise the named part[y] of the action." Utah R. Civ. P. 4(d)(5)(B). "The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court." *Id.* Therefore, Plaintiff shall serve a copy of the complaint, summons and this Memorandum Decision and Order, unless otherwise specified herein, as follows:

1. Service of the complaint, summons, and this Memorandum Decision on Defendant Elliot's father. The process server is to inform Mr. Elliot's father that the materials are for his son, request that he inform his son about them, and forward all materials to him.

2. Email a copy of the complaint, summons, and this Memorandum Decision to all known email address for Defendant Elliot that are already in Plaintiff's possession or that can be obtained using online searches or search services.

After Plaintiff has complied with the foregoing and provided proof of service to the court, which includes a list of all email addresses used to serve Defendant Elliot, service shall be complete.

DATED this 12 July 2022.

_____
Dustin B. Pead
United States Magistrate Judge