IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SPEED OF LIGHT OPS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY ALEXANDER ELLIOT, an individual, JOHN HERRINGTON, an individual, and JESSIE REESE, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-CV-246-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Gregory Alexander Elliot's Motion to Set Aside Default Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The court does not believe that a hearing will significantly aid in its determination of the motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## BACKGROUND

Solo is a software company that provides document management, computer-aided design, and engineering software products to companies in various industries. In October 2021, Solo learned that Mr. Elliot ("Defendant") and other Defendants allegedly accessed portions of Solo's platform that they were not authorized to access. As a result, Solo brought this lawsuit in April 2022.

In response to the lawsuit, Defendant filed a Motion to Dismiss [ECF No. 18]. Plaintiffs then filed an amended complaint [ECF No. 21], and Defendant again responded by filing a Motion to Dismiss [ECF 23]. On April 6, 2023, this court affirmed Magistrate Judge Pead's

1

Report and Recommendation to deny the Defendant's Motion to Dismiss [ECF No. 33]. A few days later, Magistrate Judge Pead ordered Defendant to provide initial disclosures within fourteen days and respond to Plaintiff's first set of discovery within thirty days [ECF No. 34]. Defendant failed to do either, and his counsel withdrew from the case [ECF No. 36].

On June 1, 2023, this court ordered Defendant to show cause as to why default judgment should not be entered against him and ordered that Defendant respond to this request by June 15, 2023 [ECF No. 38]. Defendant did not respond by this deadline. The court therefore entered a default certificate. Defendant responded by email on June 26, 2023, but the court did not vacate the default certificate [ECF No. 40]. On July 31, 2023, Plaintiff moved for default judgment [ECF No. 43]. A few days later, Defendant emailed the court and asked that default judgment not be entered against him due to his inability to respond in a timely manner, and he explained that he would "provide any information or answer any questions that [Plaintiff] had for [him]." *Id*. He also argued that the claims Plaintiff had asserted against him were "baseless and unjust." *Id*. The court, however, entered default judgment against Defendant on August 23, 2023 [ECF No. 51].

On November 14, 2023, Defendant filed a Motion to Set Aside Default Judgment [ECF No. 52]. In his motion, Defendant argued that he had responded to the best of his ability since his attorney withdrew counsel. He explained that if his Motion to Set Aside Default Judgment is granted, he will have the opportunity to file a Motion for Discovery and defend his case. *Id*.

## DISCUSSION

Default Judgment can be set aside for "mistake, inadvertence, surprise, [. . .] excusable neglect [. . . or] any other reason that justifies relief." Fed. R. Civ. P. Rule 60(b)(1) & (b)(1)(6). Three requirements must be met when setting aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a

meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States. v. $285,350,000 in U.S. Currency*, 547 Fed. Appx. 886, 887 (10th Cir. 2013) (quoting *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993)). These three requirements are satisfied and discussed at length below.

A moving party's failure to respond or answer will constitute culpable conduct only when accompanied by bad faith. *United States v. Mesle¸* 615 F.3d 1085, 1092-94 (9th Cir. 2010). To constitute bad faith, a defendant's actions must be intentional and done in order to "take advantage of the opposing party, interfere with judicial decision-making," or "manipulate the legal process." *Id*. at 1092. Here, Defendant did not respond to Plaintiff's discovery requests after the court issued an order granting Plaintiff's Short Form Motion to Compel. However, shortly after this order was issued, Defendant's counsel withdrew. He also did not respond to the Order to Show Cause until eleven days after the deadline. Since late June, however, Defendant has attempted to reply to motions and communicate with the court. Although his responses were late and he did not comply with the order to compel discovery, the court finds that Defendant's actions were not in bad faith. They can be attributed to his lack of counsel and do not suggest that he intended to "take advantage of the opposing party, interfere with judicial decision-making," or "manipulate the legal process." Thus, the first requirement is satisfied.

As to the second requirement, a party can establish a meritorious defense by alleging sufficient facts that, if true, would constitute a defense. *United States v. Mesle*, 615 F.3d 1085, 1091-92 (9th Cir. 2010). For purposes of a Motion to Set Aside Default Judgment, "the movant's version of the facts and circumstances supporting his defense will be deemed to be true." *Muscat v. Prime W. Jordanelle¸* No. 2:08-CV-420 TS, 2012 WL 13028155, at *4 (D. Utah Oct. 16, 2012). Defendant has asserted that he is not liable in this case and that John Harrington is

3

responsible for the data breach. John Harrington has provided an answer in this case, but nothing more [ECF No. 8]. Defendant's argument that he is not liable for the actions serving as the basis of this default judgment constitutes a defense in this case. Thus, this second requirement is satisfied.

Finally, Plaintiff will not be prejudiced if the judgment is set aside. To be prejudicial, the setting aside of a default judgment must result in tangible harm, such as the loss of evidence or increased difficulties in discovery. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). A delay in the resolution of the case is not enough to constitute prejudice to the plaintiff. *Id*. Here, the setting aside of the default judgment will result in a delay in the resolution of the case, but Plaintiff has not shown that any tangible prejudice will occur. Thus, requirement (3) is satisfied.

Accordingly, the court finds that Defendant has satisfied the three requirements to set aside default judgment, and default judgment as to Gregory Elliot is set aside. However, Defendant has an obligation to observe deadlines and cooperate in this litigation. Failure to do so will result in Default Judgment being entered again.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion to Set Aside Default Judgment is GRANTED as to Defendant Gregory Alexander Elliot.

Dated this 4th day of January 2024.

                                  BY THE COURT:

                                  DALE A. KIMBALL
                                  United States District Judge